■ JOHN COYLE, Respondent, v GERRITSEN AVENUE SHOPPING CENTER, INC., et al., Respondents, JAHN'S SINCE 1897, INC., Appellant, et al., Defendants.—In a negligence action to recover damages for personal injuries, the defendant Mont-Parnes Restaurant, Inc., s/h/a Jahn's Since 1897, Inc., appeals from an order of the Supreme Court, Kings County (Dowd, J.), entered July 17, 1989, which, *inter alia,* denied its motion for summary judgment dismissing the complaint and all cross claims against it.

■ JOHN COYLE, Respondent, v GERRITSEN AVENUE SHOPPING CENTER, INC., et al., Respondents, and JAHN'S SINCE 1897, INC., Appellant.—In a negligence action to recover damages for personal injuries, the defendant Mont-Parnes Restaurant, Inc., s/h/a Jahn's Since 1897, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Dowd, J.), dated April 19, 1990, as (1) denied its cross motion for leave to renew a prior motion for summary judgment in its favor, (2) granted the motion of the defendant Gerritsen Avenue Shopping Center, Inc., for summary judgment on its cross claim in the principal sum of $12,335, and (3) granted the motion of the defendant Triple Nickel Foods #2, Inc., for summary judgment on its cross claim in the principal sum of $11,354.25.

Ordered that the order is modified, on the law, by deleting the provisions thereof which (1) directed the entry of judgment in favor of the defendant Gerritsen Avenue Shopping Center, Inc., and against the appellant in the principal sum of $12,335, and (2) directed the entry of judgment in favor of the defendant Triple Nickel Foods #2, Inc., and against appellant in the principal sum of $11,354.25; as so modified, the order is affirmed insofar as appealed from, without costs or disburse-

ments, and the matter is remitted to the Supreme Court, Kings County, for a hearing on the amounts due to the codefendants Gerritsen Avenue Shopping Center, Inc., and Triple Nickel Foods #2, Inc.

The Supreme Court properly determined that the appellant was obligated to pay for the legal costs incurred by the codefendants in connection with their defense of this action (see generally, Breed, Abbott & Morgan v Hulko, 139 AD2d 71, 74-75, affd 74 NY2d 686). However, under the circumstances of this case, issues of fact exist which require a hearing with respect to the reasonable amount of such costs.

We have examined the appellant's remaining contentions and find them without merit. Bracken, J. P., Kooper, Miller and O'Brien, JJ., concur.